This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 32,517**

**ANDREW RAMIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Ramirez appeals a district court order affirming his metropolitan court conviction for aggravated driving while intoxicated. In our notice of proposed summary disposition, we proposed to affirm. Ramirez has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Ramirez's arguments, we affirm.

In our notice of proposed summary disposition, we proposed to hold that, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences therefrom, there was sufficient evidence to support Ramirez's conviction beyond a reasonable doubt. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

In Ramirez's memorandum in opposition, he continues to argue that there was insufficient evidence because the jury could have drawn different inferences from the facts supporting impairment than it did and because one of the officers was equivocal about whether Ramirez might have asked to take a breath test after he initially refused. Ramirez's arguments essentially ask this Court to reweigh the evidence, which we will not do. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (stating that an appellate court "does not weigh the evidence and may not substitute its

judgment for that of the fact finder so long as there is sufficient evidence to support the verdict").

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**